United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Edgar Contreras Jr.<br><br>Delia B. Ciruelas,<br><br>　　　　　　　Debtors. | Case No. 17-02507<br>Judge: Jack B. Schmetterer<br>Chapter 13 |

## MEMORANDUM OF DECISION ON DEBTOR'S OBJECTION TO PROOF OF CLAIM #3 OF UNIFUND CCR PARTNERS [DKT. NO. 85]

Edgar Contreras Jr. and Delia B. Ciruelas ("Debtors") have objected to Unifund CCR Partners' ("Unifund") Proof of Claim #3. (Claim # 3-1.)

For the reasons discussed below, Debtors' objection will be sustained.

### UNDISPUTED FACTS

1. On or about December 11, 2007, Unifund (an assignee of Providian National Bank) filed a complaint in Illinois state court against Edgar Contreras, Jr. in an attempt to collect on the default of a credit card account.

2. On or about March 20, 2008, Unifund obtained an ex-parte judgment in the amount of $4,854.27 plus costs. (Dkt. No. 91.) Since then, the judgment has accrued interest at the statutory rate of 9% annually, pursuant to 735 ILCS 5/2-1303.

3. On January 28, 2017, Debtors filed a petition pursuant to Chapter 13 of Title 11 of the United States Bankruptcy Code.

4. On February 25, 2017, the Debtors filed a modified Chapter 13 plan (Dkt. No. 19.)

5. On March 20, 2017, Unifund filed its claim in the instant matter, Claim #3. Debtors' Chapter 13 Plan was confirmed on April 5, 2017.

6. On June 18, 2017, Debtors filed an Objection to Unifund's Claim #3 stating that the judgment is dormant and therefore unenforceable. Pursuant to 735 ILCS 5/12-108, dormant judgments are not enforceable until they are revived.

7. Following Debtors' Objection, Unifund filed its Response to Debtors' Objection to Claim #3 on July 6, 2017. (Dkt. No. 91.)

8. Debtors subsequently filed their Reply to Objection to Proof Claim #3 of Unifund CCR Partners on July 23, 2017. (Dkt. No. 94.)

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## DISCUSSION

Objections to allowance of claims are governed by 11 U.S.C. § 502. Claims of creditors who file a proof of claim are "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The party objecting to claim allowance carries the burden of rebutting the proof of claim. In re Sentinel Mgmt. Grp. Inc., 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009). If a party objects to a claim under § 502, the bankruptcy court must determine the amount of the claim based upon the date of the bankruptcy petition, and allow the claim with respect to that amount, unless specific grounds for disallowing those claims exists. 11 U.S.C. §§ 502(b)(1)–(9), (d) and (e); see also Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co., 549 U.S. 443, 452 (2007).

In their initial Objection, Debtors argue that Unifund's judgment obtained in March of 2008 is currently dormant pursuant to state statute and thus unenforceable.

2

(Dkt. No. 85.) In its Response, Unifund contends that Debtors are barred from objecting to claims already filed, asserting that any such objections must be filed before the plan confirmation, and that attacks upon the validity of a claim after plan confirmation are collateral. (Dkt. No. 91.) Furthermore, Unifund argues that dormant Illinois judgments are not unenforceable so long as they are revivable within the 20 year time limit prescribed by statute. (Dkt. No. 91.) Finally, in their response Debtors contend that pursuant to Bankruptcy Rule 3007, there is no time limitation with regards to a debtor's ability to object to a claim. (Dkt. No. 94.) Additionally, the Debtors argue that a dormant judgment that has not been revived is unenforceable, and that the act of reviving the judgment would be a violation of the automatic stay pursuant to 11 U.S.C. § 362(a).

### A.    Debtors' Objection is Timely

Unifund first argues that the Debtors are precluded from filing an objection to its claim, because the Debtors filed the objection after plan confirmation. Bankruptcy Rule 3007(a) describes the process of objecting to a claim. Bankr. R. 3007. Rule 3007 does not require that an objection to a claim be made before a certain point of the litigation. *Id.* The rule merely requires that notice of the hearing be mailed or delivered to the claimant, debtor, debtor in possession and trustee at least 30 days prior to the hearing. *Id.*

Unifund relies on the Seventh Circuit case *Adair v. Sherman* ruling that confirmation of a Chapter 13 plan bars collateral attacks to claims already filed. 230 F.3d 890, 895 (7th Cir. 2000) ("The law is well settled that a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation."). In *Adair*, the debtor did not object to the creditor's claim during the Chapter 13 proceeding. *Id* at 894. The debtor later sued the creditor under the Fair Debt Collection Practices Act on the basis that the creditor overstated the value of its collateral. *Id.* The Seventh Circuit ultimately held that the debtor's suit was barred due

3

to collateral estoppel because the debtor did not object during the bankruptcy proceeding. *Id.* at 896.

Since that decision, however, the Seventh Circuit has limited the application of *Adair*. In *In re Hovis*, the debtor objected to the amount of the creditor's claim after the bankruptcy court had confirmed the plan, but before payments had commenced. 356 F.3d 820, 821 (7th Cir. 2004). The creditor argued that under the *Adair* ruling, the debtor's collateral attack on the creditor's claim was barred because the plan had been confirmed. *Id.* The Seventh Circuit disagreed, writing that, "issue preclusion has no role within a unitary, ongoing proceeding." *Id.* at 822. The Seventh Circuit further noted that deadlines set by statutes and rules, as well as the law of the case and judicial estoppel are the only relevant factors within a single suit. *Id.* The setting of dates for filing of claims and objections is within the discretion of the bankruptcy court. *Id.* In *In re Glenn*, this court stated that, "even after the confirmation of a debtor's plan, the court is free to hear and rule on objections to such claims." 542 B.R. 833, 839–40 (Bankr. N.D. Ill. 2016). When a debtor makes an objection, as part of their bankruptcy case in the bankruptcy court, *Adair* does not apply. *Id.*

In this instance, the Debtors have filed their objection during the pendency of the bankruptcy case. Although the objection has been filed after the plan had been confirmed, *Adair* does not apply because, as the Seventh Circuit noted in *Hovis*, this is a unitary proceeding and the filed objection is not a collateral attack. The issue is not precluded and Debtors' objection may be heard.

Thus, for the foregoing reasons, Unifund is incorrect in its argument that Debtors may not object to its claim simply because the plan has been confirmed. Debtors' objection to Unifund's claim after the confirmation of the Chapter 13 plan may be heard.

### B. Dormant Illinois Judgments

In bankruptcy proceedings, state law defines property rights of the bankrupt's estate and is not followed only when there is an actual conflict with the bankruptcy code. Butner v. United States, 440 U.S. 48, 54-55 (1979). Thus, Illinois law determines the creditor's rights with regards to dormant judgments. Unifund and Debtors present two separate issues for consideration with regards to the dormant judgment: First, whether the revival of a dormant Illinois judgment violates the automatic stay imposed by a bankruptcy proceeding and Second, whether such a dormant judgment is presently enforceable.

#### *i. Revival of Dormant Judgments Does not Violate the Automatic Stay*

The filing of a bankruptcy petition imposes an automatic stay, which prevents, "any act to create, perfect, or enforce any lien against property of the estate." 11. U.S.C. § 362(a)(4). Pursuant to Illinois law, a judgment becomes dormant if no action is taken to enforce it within seven years of it being rendered. 735 ILCS 5/12-108. A judgment that has become dormant may be revived by court order "in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant." 735 ILCS 5/2-1602.

In the instant case, Debtors correctly point out that because Unifund has taken no action to enforce its judgment within seven years of it being rendered, its judgment has become dormant. The question then is whether the act of reviving a judgment in an Illinois state court proceeding would now violate the automatic stay imposed in the bankruptcy proceeding. In *Guertler v. Barlow Woods, Inc.*, the Illinois Court of Appeals decided that the revival of a judgment is neither the creation of a new judgment nor the enlargement of an existing judgment. 596 N.E.2d 24, 27 (1992). Therefore, any attempt by a creditor to revive its debt was not seen as a violation of the automatic stay, but rather an action maintaining the status quo. *Id.*; see also Barber v. Emporium P'ship, 800

5

P.2d 795, 797 (Utah 1990) (renewing judgment does not violate automatic stay); In re Morton, 866 F.2d 561, 564 (2d Cir. 1989) (extending lien does not violate automatic stay); United States v. Sayres, 43 B.R. 437, 439 (W.D.N.Y. 1984) (refiling of tax lien did not violate the automatic stay).

Upon revival of Unifund's judgment against Debtors, Unifund may file an amended claim in order to enforce this judgment against Debtors in bankruptcy. Pursuant to 11 U.S.C. § 501 and Federal Rule of Bankruptcy Procedure 3003, a creditor may file any timely proof of claim. 11 U.S.C. § 501(a), (b); Fed. R. Bankr. P. 3003. These provisions are liberally construed by courts to allow creditors to amend their claims. In re Xechem Int'l, Inc., 424 B.R. 836, 841 (Bankr. N.D. Ill. 2010). The burden is on the party objecting to the claim to show that there would be a reason not to allow an amended claim, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." In re Stavriotis, 977 F.2d 1202, 1205 (7th Cir. 1992) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). Courts may also consider whether the amended proof claim asserts a similar dollar amount as the original. *Id.* at 1205-1206.

Currently, Debtors have presented no proof that Unifund has acted in bad faith, or to unduly delay, or prejudice the Debtors. Furthermore, should Unifund revive its judgment, the amount of the judgment will remain unaltered. Under the liberal construction of 11 U.S.C. § 501 and Federal Rule of Bankruptcy Procedure 3003, should Unifund choose to revive its judgment and file an amended claim, such a claim will be allowed.

Thus, while Unifund's judgment is currently dormant, it is well within the 20 year period for revival allowed by Illinois law. Additionally, as a petition for the revival of a judgment does not violate the automatic stay, nothing precludes Unifund from petitioning an Illinois state court to revive its debt. Finally, should Unifund revive its

6

judgment and file an amended proof of claim, its claim will be allowed because Debtors have presented no proof of Unifund's dilatory motive and the judgment amount will remain the same.

### *ii. Dormant Judgments are not Enforceable Under Illinois Law*

Under Illinois law, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same." 735 ILCS 5/12-108. Therefore, Debtors are correct that Unifund is presently precluded from enforcing its dormant judgment at this time. Unifund relies primarily on *Liang v. Frontline Asset Strategies, LLC*, citing the proposition that, "[t]he dormant dollar is still a dollar due." No. 15 C 09054, 2016 WL 7409913, at *3 (N.D. Ill. Dec. 22, 2016). This statement does not mean, as Unifund asserts, that a creditor need not take any action to revive its judgment. Rather, the statement is intended to give a generous interpretation to 735 ILCS 5/12-108, such that revival of a debt is limited to a clerical task and nothing more. *Id.*

Moreover, the fact that Unifund's lien was dormant prior to the Debtors' filing of their bankruptcy petition does not conflict with the provisions of the bankruptcy code requiring courts to determine the amount of the claim based upon the date of the bankruptcy petition. 11 U.S.C. §§ 502(b)(1)–(9), (d) and (e); see also Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co., 549 U.S. 443, 452 (2007). In Illinois, the revival of a judgment does not alter or expand its value such that the amount of a claim cannot be determined; rather, a revival merely serves as an "assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003). The Seventh Circuit in *TDK Elecs. Corp. v. Draiman* noted that the judgment was clear enough to enforce: the amount the debtor owed to its creditor. That amount due was readily ascertainable despite the judgment having become dormant. *Id.* Thus, although a dormant judgment is not enforceable without revival, the amount of a claim based upon a dormant judgment can be determined upon

the date a petition is filed so long as the judgment is clear in its description of the amount.

## CONCLUSION

In the instant case, Unifund has yet to take any action to enforce the judgment it received in March of 2008, and more than seven years have passed, rendering the judgment dormant pursuant to ILCS 5/12-108. Thus, Unifund is currently precluded from enforcing its dormant judgment against Debtors. However, the amount of Unifund's claim is readily ascertainable from the judgment: $4,854.27 and any statutory interest that has accrued pursuant to 735 ILCS 5/2-1303. Therefore, the amount of Unifund's claim was determinable upon the date of the bankruptcy filing. But while Unifund may petition an Illinois court to revive its judgment pursuant to 735 ILCS 5/2-1602 without violating the automatic stay, it cannot yet enforce its dormant judgment because it has not yet revived the judgment. Should Unifund choose to revive its judgment, it may file an amended claim pursuant to 11 U.S.C. § 501 and Federal Rule of Bankruptcy Procedure 3003 and such a claim can then be allowed and enforced.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of August, 2017